IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BURSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 04 C 7386 |
| v. | ) | |
| | ) | Suzanne B. Conlon, Judge |
| OFFICER SURANE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Robert Bursley, a former detainee at the Cook County Jail, sues correction officer Christopher Surane for alleged excessive use of force in violation of 42 U.S.C. § 1983. He claims that on August 16, 2004, Surane punched him without justification, injuring his nose and teeth. Surane claims he used necessary force to prevent Bursley from hanging himself in an apparent suicide attempt. Trial begins on May 30, 2006. Surane moves *in limine* to bar evidence at trial.[1] For the reasons set forth below, the motion *in limine* is denied.

**DISCUSSION**

**I.      Legal Standard**

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *Hawthrone Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (Conlon, J.). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be

---

[1] Surane filed one motion, containing four *in limine* requests, as Exhibit L to the party's joint final pretrial order, Dkt. No. 75 (Apr. 12, 2006).

deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id.* Denial of a motion *in limine* does not mean evidence contemplated by the motion will be admitted at trial. *Id.* Instead, denial means the court cannot, or should not, determine whether the evidence in question should be excluded before trial. *Id.*; *see also United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("a ruling [on motion *in limine* is] subject to change based upon the court's exposure to the evidence at trial").

## II. Indemnification

Relying on Fed. R. Evid. 411, Surane moves to bar evidence concerning his indemnification arrangement with Cook County. Rule 411 precludes a party from introducing evidence about insurance policies to prove liability. Fed. R. Evid. 411. Because indemnification is akin to an insurance policy, evidence about indemnification is inadmissible absent a showing "why this evidence would be sufficiently probative to warrant introduction at trial." *Figueroa v. City of Chicago*, No. 97 C 8861, 2000 WL 520926, at *1 (N.D. Ill. Apr. 24, 2000) (Conlon, J.).

Bursley argues evidence about indemnification may be admitted for purposes other than proving liability. If Surane contends at trial that he would be unable to pay any damages, Bursley may introduce evidence about indemnification to rebut this contention. *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998); *Mohr v. Chicago Sch. Reform Bd. of Trs.*, 155 F. Supp. 2d 923, 928 (N.D. Ill. 2001) (Bucklo, J.) (following *Lawson* and admitting evidence about indemnification at trial). Bursley's argument highlights the general rule deferring evidentiary rulings until trial. *See Hawthrone Partners*, 831 F. Supp. at 1400. Surane's motion to bar evidence about indemnification is premature and is therefore denied.

## III. Prior Statements

Surane moves to bar evidence concerning statements made in administrative proceedings arising from the August 16, 2004 incident. Specifically, he seeks to exclude: (1) Bursley's prior consistent statements made in grievance reports; and (2) references to a disciplinary ticket against Bursley. Without factual support, Surane argues Bursley's prior consistent statements are hearsay, and that the disciplinary ticket is irrelevant.

Bursley argues the exceptions to the hearsay rule allow admission of prior consistent statements to "rebut an express or implied charge . . . of recent fabrication." Fed. R. Evid. 801(d)(1)(B). If he is accused at trial of fabricating his testimony about the August 16, 2004 incident, his prior consistent statements may be admissible. *Id.*; *see also Tome v. United States*, 513 U.S. 150, 156-65 (1995) (interpreting Fed. R. Evid. 801(d)); *United States v. Stoecker*, 215 F.3d 788, 791 (7th Cir. 2000) (following *Tome*). Thus, admissibility of these statements depends on the trial context. At the pretrial stage, exclusion of these statements is inappropriate. Bursley further argues the disciplinary ticket against him is relevant because it recorded Surane's fresh recollection of the August 16, 2004 incident. *See* Pl. Resp. Ex. A; *see also* Fed. R. Evid. 401. Because Surane fails to explain why the disciplinary ticket is irrelevant or prejudicial, his motion must be denied. *See Clipco, Ltd. v. Ignite Design, LLC*, No. 04 C 5043, 2005 WL 2861032, at *2 (N.D. Ill. Oct. 28, 2005) (Conlon, J.) ("[t]he moving party bears the burden of presenting sufficient evidence to meet the high standard applicable to an *in limine* motion").

## IV. Future Damages

Surane moves to bar evidence about Bursley's future pain and suffering, alleging Bursley failed to disclose any expert witness on this subject. Without expert testimony, Surane argues, future

3

damages cannot be established. Contrary to Surane's argument, however, expert testimony is not required if lay testimony forms a sufficient basis for the jury to consider a claim based on future pain and suffering. *Rebolledo v. Herr-Voss Corp.*, 101 F. Supp. 2d 1034, 1040 (N.D. Ill. 2000) (Alesia, J.) (denying motion *in limine* to exclude evidence about future damages because "[u]ntil trial, the court cannot determine whether plaintiff will be able to satisfy the burden of establishing future pain and suffering from his testimony"); *see also Rogers v. Elgin, Joliet & E. Ry. Co.*, 248 F.2d 710, 712 (7th Cir. 1957) (lay testimony, combined with testimony of a physician, is sufficient to support a claim based on future pain and suffering); *Rizzo v. Mr. Coffee, Inc.*, No. 94 C 5825, 1996 WL 68000, at *17 (N.D. Ill. Feb. 15, 1996) (Conlon, J.) (same). Surane's motion lacks a legal basis and must therefore be denied.

## V. Punitive Damages

Surane moves to bar evidence about punitive damages because they were not sought in the *pro se* complaint. This contention lacks merit. Surane had ample notice of Bursley's intention to seek punitive damages. For example, punitive damages were demanded in Bursley's *pro se* proposed pretrial order, as well as his settlement offer in 2005. Pl. Proposed Pretrial Order, Dkt. No. 55 at 2 (Nov. 14, 2005); Pl. Resp. Ex. C (settlement offer). Because Surane cannot claim any prejudice resulting from Bursley's failure to plead punitive damages, his motion must be denied. *Cf. Speedy v. Rexnord Corp.*, 243 F.3d 397, 404 (7th Cir. 2001) (affirming the district court's decision to bar evidence about a claim that was never raised until the final pretrial conference).

In response to this motion, Bursley moves for leave to amend his *pro se* complaint pursuant to Fed. R. Civ. P. 15. Rule 15 gives the court latitude to grant leave to amend pleadings to conform to the evidence. Fed. R. Civ. P. 15(b); *Walton v. Jennings Cmty. Hosp., Inc.*, 875 F.2d 1317, 1320

n.3 (7th Cir. 1989). Bursley should be granted leave to amend his *pro se* complaint unless Surane shows he would be prejudiced. *Id.* As discussed above, Surane fails to show prejudice. Accordingly, Bursley is granted leave to amend his *pro se* complaint. *Id.*; *see also Creative Demos, Inc. v. Wal-Mart Stores, Inc.*, 142 F.3d 367, 371-72 (7th Cir. 1998) (upholding the district court's *sua sponte* amendment of a complaint).

## CONCLUSION

For the reasons set forth above, Surane's motion *in limine* is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

April 26, 2006